UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | CASE NO.: 1:25 CR 627 |
| vs. | ) | <u>MEMORANDUM OPINION AND ORDER</u> |
| CALVIN CALDWELL, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Calvin Caldwell's Motion for Personal Bond. (ECF #216). The Government filed a Response in Opposition. (#220). For the reasons set forth below, Defendant's motion is DENIED.

## PROCEDURAL HISTORY

Mr. Caldwell was indicted on twelve counts related to the distribution of controlled substances and illegal possession and use of firearms. (Counts 1-3, 9-13, and 15-18 of the Superceding Indictment, ECF #45). The charges stem from a large scale drug conspiracy alleged to have started in June of 2019 and to have continued through July of 2026. The evidence includes wiretaps of Mr. Caldwell's phone, and controlled buys from Mr. Caldwell. Further, searches of Mr. Caldwell's residence resulted in the seizure of large amounts of illegal substances and a firearm and ammunition. If convicted, Mr. Caldwell faces a mandatory minimum of twenty years

in prison.

Mr. Caldwell was arraigned on July 16, 2026 and was ordered detained. A full detention hearing was held on July 23, 2026 and a final order of detention was issued on July 27, 2026. (ECF #79, 141). The Defendant now seeks review and revocation of the detention order.

## STANDARD OF REVIEW

The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other person and the community." 18 U.S.C. §3142(e)(2). When there is probable cause to believe a person has committed a controlled substance offense for which the maximum term of imprisonment is 10 years of more, there is a rebuttable presumption that bond is not appropriate. 18 U.S.C. §3142(e)(3)(A). When the presumption is in place, the defendant bears the burden of producing some evidence that he does not pose a danger to the community or pose a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Further, the presumption does not disappear once some contrary evidence has been presented, but rather retains evidentiary weight in a balancing of all available information. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001).

## ANALYSIS

When there is probable cause to believe that the defendant has committed a controlled substances offense that carries a maximum term of imprisonment of ten years or more, or a firearm offense under section 924(c), there is a rebuttable presumption that no condition or combination of

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. §3142(e)(3)(A) and (B). This presumption applies to Mr. Caldwell's case because he has been indicted for qualifying controlled substance offenses.

The Defendant has not provided sufficient evidence to rebut the presumption of detention in this case. His only argument against detention is his claim that he has a place to live and the stable employed.[1] He also argues that he has always appeared for prior court proceedings and to jail when ordered. This conflicts with the Magistrate's finding that he has a history of supervised release violations, and failure to appear in court when ordered. He does not provide any evidence that would support a finding that he does not pose a danger to the community.

Even if he had presented evidence sufficient to rebut the presumption of detention, the §3142(g) factors weigh against his release. Under 18 U.S.C. §3142(g), courts must consider four factors when determining whether the safety of the community and other persons can be reasonably assured without detention: (1) the nature and circumstances of the crime charged, including whether it involves a firearm or a controlled substance offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and, (4) the nature and seriousness of the danger to any person or the community that defendant's release would pose. All of these factors weigh in favor of detention.

There is strong evidence obtained that Mr. Caldwell was involved in the distribution of large amounts of deadly narcotics. This includes evidence of controlled buys made directly from

---

1

His assertion that he has an employment has not been confirmed. He claims to be the owner/operator of a car wash. That car wash is alleged to have been connected to the criminal activity at issue in this case. Mr. Caldwell has not pointed to any evidence to rebut the finding that he remains a danger to the community.

Mr. Caldwell. A gun and ammunition were also found in his residence. The Defendant's history and characteristics also support a finding of dangerousness to the community. Mr. Caldwell is a repeat offender with a pattern of drug related convictions dating back as far as 1984. He has not been deterred by previous convictions and jail sentences. His multiple prior convictions and supervised release violations indicate that he has not been able to conform his behavior to the law based on past experience or the threat of future consequences. Further, the mandatory minimum sentence he is facing increase the chance that he is a flight risk. All of these factors combine to show, by clear and convincing evidence, that there is no condition or combination of conditions that could reasonably ensure the safety of others and the community, or guarantee Mr. Caldwell's appearance at trial, if he were to be released pending trial.

**CONCLUSION**

For the reasons set forth above, the Court finds that there is no condition or combination of conditions that could adequately protect individuals and the community from danger if Mr. Caldwell were to be released pending trial. Further, there is no condition or combination of conditions that could ensure he appears as required. Mr. Caldwell's Motion to for Bond is, therefore, DENIED. (ECF #216).

IT IS SO ORDERED.

Donald C. Nugent 9/23/26

DONALD C. NUGENT
United States District Judge